MICHAEL L. MALLOW (SBN 188745)
mmallow@loeb.com
KAREN R. THORLAND (SBN 172092)
kthorland@loeb.com
RACHEL A. RAPPAPORT (SBN 268836)
rrappaport@loeb.com
DEREK K. ISHIKAWA (SBN 270275)
dishikawa@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067-4120
Telephone: 310-282-2000
Facsimile: 310-282-2200

Attorneys for Defendants
TOYOTA MOTOR CORPORATION,
TOYOTA MOTOR SALES, U.S.A.,
INC. and TOYOTA MOTOR NORTH
AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JESSICA M. KRAMER, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TOYOTA MOTOR CORPORATION, a foreign corporation; TOYOTA MOTOR SALES, U.S.A., INC., a California corporation; TOYOTA MOTOR NORTH AMERICA, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:10-CV-1154-CJC-RNBx<br><br>**TOYOTA DEFENDANTS' STATUS REPORT**<br><br>Date: June 21, 2010<br>Time: 4:00 p.m..<br>Ctrm: 9B |

Defendants Toyota Motor Sales, U.S.A., Inc., Toyota Motor Corporation and Toyota Motor North America, Inc. (collectively "Toyota" or "Defendants") submit this report in preparation for the upcoming status conference scheduled for June 21, 2010, at 4:00 p.m.

## I.  DESCRIPTION OF THE CASE

On February 8, 2010, Toyota issued a recall of certain 2010 Prius and Lexus HS250h vehicles ("2010 Prius/HS250h vehicles") to address complaints related to the braking system in these vehicles.  On February 16, 2010, Jessica M. Kramer ("Plaintiff" or "Kramer") filed this class action on behalf of all persons in the United States who own or lease a 2010 Toyota Prius or 2010 Lexus HS250h.

Plaintiff claims that a defect in the anti-lock brake system ("ABS") of 2010 Prius/HS250h vehicles causes a momentary loss of braking capability that may render those vehicles incapable of stopping or slowing down properly. Kramer asserts causes of action for: (1) Violations of Magnuson-Moss Act (15 U.S.C. §§ 2301-2312); (2) Breach of Express Warranty; (3) Breach of Implied Warranty of Merchantability; (4) Breach of Implied Covenant of Good Faith and Fair Dealing; (5) Negligence; (6) Negligent Misrepresentation; and (7) Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

The *Kramer* Complaint specifies that it seeks damages for (i) diminution in value of vehicles; (ii) restitution of all monies wrongfully obtained by Defendants; and (iii) other monetary and compensatory damages in amounts to be proven at trial. The *Kramer* Complaint also specifies that it seeks injunctive relief including: (i) rights to refuse or revoke acceptance of the vehicles; (ii) an order preventing Defendants from engaging in unlawful practices; (iii) providing plaintiff and Class members with replacement vehicles with the same or similar attributes as their vehicles until their vehicles are repaired or replaced; and (iv) assumption of lease and car loan payments by Defendants until full relief is granted.

## II. RELATED ACTIONS

### A. Other Actions Pending in the United States District Court for the Central District of California

There are currently pending in this Court four actions related to an alleged defect in braking systems of certain Toyota hybrid vehicles. The pending actions are: (1) *Choi v. Toyota Motor Sales, U.S.A., Inc., et al,*. No. 8:10-CV-00154-CJC-RNBx ("the *Choi* Action"); (2) *Creighton, et al. v. Toyota Motor Corporation, et al.*, No. 2:10-CV10-00946-CJC-RNBx (the "*Creighton* Action"); (3) *Del Real v. Toyota Motor Sales, U.S.A., Inc,. et al.,* No. 8:10-CV-00173-CJC-RNBx (the "*Del Real* Action") and (4) *Li v. Toyota Motor Sales, U.S.A*., Inc., 2:10-cv-01248-CJC-RNBx (the "*Li* Action") (collectively the "Central District Hybrid Brake Class Actions").[1]

### B. Actions Pending in Other Federal Courts

There are also three actions pending in other federal district courts which relate to the Alleged 2010 Prius/HS250h Brake Issue. These actions are: (1) *Griffin v. Toyota Motor Corporation, et al.,* No. 1:10-CV-00114-MEF-SRW, filed in the United States District Court for the Middle District of Alabama; (2) *Stadler v. Toyota Motor North America, Inc., et al.,* No. 10-CV-00030-WOB, filed in United States District Court for the Eastern District of Kentucky; and (3) *Scholten v. Toyota*

[1] Toyota has also filed Status Reports in the other Central District Hybrid Brake Class Actions ("Status Reports"). The Status Reports for the *Choi, Del Real* and *Li* Actions are nearly identical to this Report. The *Creighton* Status Report varies in several respects because the putative class in the *Creighton* Action is alleged in the complaint to include all persons who purchased or leased: a) 2006-2009 Prius; b) 2010 Prius; c) all model years (2005-2010) Highlander Hybrid; d) all model years (2005-2010) Lexus RX400h; e) all model years (2009-2010) Lexus RX450h; and f) 2009-2010 Lexus HS250h. As discussed in the *Creighton* Status Report, however, the *Creighton* Plaintiffs have represented in various court filings that they no longer seek relief on behalf of owners and lessees of model year 2010 Prius and Lexus HS250h vehicles because the February 8, 2010 recall of those vehicles mooted any claims related to those vehicles.

*Motor Corporation, et al.,* No. 3:10-CV-00295-D, filed in the United States District Court for the Northern District of Texas.

In addition, there are a number of class actions filed in various federal courts which allege, among other things, the Alleged 2010 Prius/HS250h Brake Issue. The cases known to Defendants are: (1) *Scott v. Toyota Motor North America, et al.,* Case No. 8:10-cv-450, filed in the United States District Court for the District of Maryland; (2) *Galley, et al v. Toyota Motor, et al.*, Case No. 1:10-cv-854, filed in the United States District Court for the Eastern District of New York; (3) *Glardon v. Toyota Motor Engineering and Manufacturing North American, Inc. et al.*, No. 1:10-dv-179, filed in the Southern District of Ohio; and (4) *Boughner v. Toyota Motor Engineering and Manufacturing North America, Inc., et al.*, No. 2:10-1361, filed in the Eastern District of New York.

**C. California State Court Actions**

Also pending are two actions filed in the Superior Court of California, County of Los Angeles: (1) *Miller v. Toyota Motor Sales U.S.A., Inc. et al.,* No. BC 431344 and (2) *Bialuski v. Toyota Motor Sales U.S.A., Inc.,* No. BC 432516.

## III. PROCEDURAL BACKGROUND

Although the Central District Hybrid Brake Class Actions were initially assigned to five different Central District judges, the Honorable A. Howard Matz transferred all of the Central District Hybrid Brake Class Actions to his calendar.

On April 9, 2010, the Judicial Panel for Multidistrict Litigation issued a Transfer Order in *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation* (the "Toyota UA MDL"), pursuant to which, the JPML transferred certain actions to the Honorable James V. Selna of the Central District of California.

On April 14, 2010, the Clerk of the Court for the Central District of California issued a "Notice of Reassignment of Case" in each of the Central District Hybrid

Brake Class Actions reassigning and transferring them from Judge Matz to Judge Selna.

On April 15, 2010, Plaintiffs Kramer, Choi and Del Real filed a Motion for Transfer of Actions to the Central District of California Pursuant to 28 U.S.C. § 1407 for Coordinated Pretrial Proceedings ("Motion for Coordination"). The Motion requested that the JPML transfer for coordination eight actions related to the braking system in certain Toyota hybrid vehicles to this Court. The Motion for Coordination has been fully briefed and the parties are awaiting the JPML's instructions.

The next day, Judge Selna issued an Order in the Toyota UA MDL inviting any party whose case does not involve allegations of sudden unintended acceleration to file an application for remand. The *Choi*, *Creighton Kramer* and *Del Real* plaintiffs responded to Judge Selna's April 16 Order by filing an application for remand.

On April 30, 2010, Judge Selna issued an Order remanding the *Choi* Action to this Court, to whom the *Choi* Action was originally assigned. This Court has since related the other Central District Hybrid Brake Class Actions, including this action, and transferred them to its calendar.

## IV.  BROAD OVERVIEW OF TOYOTA'S DEFENSES

As an initial matter, the Alleged 2010 Prius/HS250h Brake Issue is a drivability or feel issue and it does not render vehicles incapable of stopping or properly slowing down.

On February 8, 2010, Toyota announced it would conduct a voluntary recall on approximately 133,000 2010 model year Prius vehicles and 14,500 Lexus 2010 HS250h vehicles to update software in the vehicles ABS because some 2010 Prius/HS250h owners reported experiencing inconsistent brake feel during slow and steady application of the brakes on rough or slick road surfaces when the ABS was activated in an effort to maintain tire-traction. Shortly, thereafter, Toyota mailed letters to 2010 Prius/HS250h owners to inform them of the voluntary recall and

request that they schedule an appointment with a Toyota or Lexus dealer so that they can perform a software update to the ABS Control Unit at no charge to the vehicle owner.

Even if there was a defect with the braking system in the 2010 Prius/Lexus HS250h, which there was not, the recall, along with a running production change in January 2010 to implement the software update in vehicles manufactured after that time, moots Plaintiff's claims or leaves her without standing to assert her claims.

In addition, neither Plaintiff Kramer, nor any of the putative class members, are entitled to damages related to the Alleged 2010 Prius/HS250h Brake Issue because they have received the benefit of their bargain. Toyota vehicles are not warranted to be free from defects. Rather, the warranty applicable to Plaintiff's vehicles provides that Toyota will make any "repairs and adjustments needed to correct defects in materials or workmanship." The warranty further provides that the "performance of necessary repairs and adjustments is the exclusive remedy." The Alleged 2010 Prius/HS250h Brake Issue was addressed by the software update at no charge to Plaintiff. Thus, even if there was a defect with the braking system, which there was not, it has been remedied without any cost to Plaintiff (assuming she tendered her car to a dealership for the software update).

## V.  ANTICIPATED PLEADINGS AND MOTIONS

It is anticipated that an amended consolidated complaint will be filed once all related actions have been coordinated subject to the JPML's ruling. Therefore, it is Toyota's position that all deadlines be stayed pending the JPML's ruling. At such time, the parties will meet and confer over a schedule for Plaintiffs to file a consolidated complaint and Defendants to respond.

## VI.  DISCOVERY

It is Toyota's position that all discovery be stayed pending the JPML's ruling.

## VII.  PROTECTIVE ORDER

Defendants will submit a draft protective order for Plaintiff to review and will work with Plaintiff to finalize an appropriate protective order.

**VIII. ALTERNATIVE DISPUTE RESOLUTION**

Defendants are amenable to participating in a private mediation during the course of the litigation, but believe that it is premature to schedule a mediation at this time.

**IX. SETTLEMENT**

The parties have not engaged in any settlement discussions.

Dated: June 18, 2010

LOEB & LOEB LLP
MICHAEL L. MALLOW
KAREN R. THORLAND
RACHEL A. RAPPAPORT
DEREK K. ISHIKAWA

By: /s/ Michael L. Mallow
Michael L. Mallow

Attorneys for Defendants
TOYOTA MOTOR CORPORATION,
TOYOTA MOTOR SALES, U.S.A, INC.
and TOYOTA MOTOR NORTH AMERICA, INC.